IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In Re: Larry Klayman | Case No.:  3:20-mc-00043-B |

**SUPPLEMENT TO LARRY KLAYMAN'S RESPONSE TO ORDER OF JUNE 15, 2020**

Larry Klayman hereby submits additional analogous case authority showing that state of Texas recognizes that there are time limitations to the prosecution of disciplinary proceedings, and that four (4) years is this limitation.

In *Gamez v. State Bar of Tex.,* 765 S.W.2d 827, 833 (Tex. App. 1988), the Court found that there exists a four-year statute of limitations for bar disciplinary matters.

> Within the same point of error Gamez presents another argument. It is that the State Bar failed to comply with the four year statute of limitations period prescribed by article 10, § 16(J), which provides: Four Year Limitation Rule and Exceptions. No member shall be reprimanded, suspended, or disbarred *for misconduct occurring more than four (4) years prior to the time such allegation is brought to the attention of counsel*, except in cases in which disbarment or suspension is compulsory as provided herein. Limitations, however, will not run where fraud or concealment is involved until such misconduct is discovered or should have been discovered by reasonable diligence by counsel. (emphasis in original).

*See also Wilson v. State,* 582 S.W.2d 484, 487 (Tex. Civ. App. 1979). This falls in line with many other jurisdictions who apply time limitations to bar proceedings, even more stringent than Texas. *See Florida Bar v. Rubin*, 362 So.2d 12 (Fla. Sup. Ct. l 1978) (per curiam). There, the Florida Supreme Court threw out charges because the Bar's delay was in violation of The Florida Bar Integration Rules. The Court said:

> Whatever other objects the rule may seek to achieve, it obviously contemplates that the Bar should not be free to withhold a referee 's report which it finds Too

1

> lenient until additional cases can be developed against the affected attorney, in an effort to justify the more severe discipline which might be warranted by cumulative misconduct. The Bar's violation of the prompt filing requirement in this case, to allow a second grievance proceeding against Rubin to mature, is directly antithetical to the spirit and intent of the rule. In addition, it has inflicted upon Rubin the 'agonizing ordeal' of having to live under a cloud of uncertainties, suspicions, and accusations for a period in excess of that which the rules were designed to tolerate.

Additionally, as per Ind. R. Att'y Adm. & Discip. 23, the Indiana Bar expressly limits the time to complete a disciplinary investigation in its own rules: Limitation on time to complete investigation. Unless the Supreme Court permits additional time, any investigation into a grievance shall be completed and action on the grievance shall be taken within twelve (12) months from the date the grievance is received.... If the Disciplinary Commission does not file a Disciplinary Complaint within this time, the grievance shall be deemed dismissed."

In this matter, at the alleged violations complained of by Tom Fitton had their genesis and began to occur in 2003, at the time that Mr. Klayman was voluntarily stepping down at Judicial Watch to run for the U.S. Senate in Florida, before Fitton's complaint was filed on January 23, 2008. After the complaint was filed it sat in the files of the District of Columbia Bar Disciplinary Counsel ("DC OCD") for approximately six (6) years, as set forth in the legal opinion and testimony of legal ethics expert Ronald Rotunda. *See* Exhibit 1 to Attachment to Larry Klayman's Response to Order of June 15, 2020.  It was "resurrected" when Fitton and Judicial Watch pressured the DC OCD to "take it out of mothballs," after Judicial Watch was denied its motion to dismiss in case brought by Mr. Klayman in the U.S. District Court for the Southern District of Florida where a jury later found that it had maliciously defamed Mr. Klayman, and thus awarded both compensatory and punitive damages. *Klayman v. Judicial Watch Inc.,* 13-cv-20610 (S.D. FL.) *See* Exhibit 3 to Attachment to Larry Klayman's Response

to Order of June 15, 2020. At a minimum, this huge delay harmed Mr. Klayman's due process and other rights.

Importantly, there has been absolutely no showing of fraud or concealment by Mr. Klayman that would toll the four-year statute of limitations. Thus, the four-year statute of limitations has clearly run, in addition to the inordinate delay and prejudice caused by DC ODC.

Mr. Klayman respectfully requests that this honorable Court review these cases along with the prior submissions, including the letter opinion of Professor Rotunda and the findings of the Honorable Royce C. Lamberth, who ruled that his disqualification order was sufficient and that it was not appropriate or necessary to refer the matter to the DC ODC. From the date of that order, Mr. Klayman ceased representation of not just Mr. Peter Paul, but also Mrs. Louise Benson and Mr. Sandra Cobas. Importantly, Mr. Klayman has never been sanctioned by this Court.

With full reservation of rights, for the compelling reasons evidenced in case law and Mr. Klayman's prior submissions, "reciprocal discipline" by this Court is respectfully neither necessary nor warranted as Judge Lamberth also testified to.

However, if this matter proceeds further, Mr. Klayman respectfully requests an opportunity to retain counsel to fully brief this matter and defend himself at an evidentiary hearing before this honorable Court as a matter of due process and fundamental fairness.

Dated: July 1, 2020                                        Respectfully submitted,

                                                                               */s/ Larry Klayman*  
                                                                               Larry Klayman, Esq.  
                                                                               KLAYMAN LAW GROUP, P.A.  
                                                                               7050 W. Palmetto Park Rd  
                                                                               Boca Raton, FL, 33433  
                                                                               Tel: 561-558-5536

Email: leklayman@gmail.com

4