IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re Larry E. Klayman | § § § | No. 3:20-MC-043-B |

## ORDER

In this reciprocal discipline matter, the Court must decide whether to suspend Larry E. Klayman's membership in the bar of this court pursuant to Local Civil Rule 83.8(h) and Local Criminal Rule 57.8(h). For the reasons that follow, this proceeding is stayed with instructions to counsel and the Clerk of Court as set out below.

Mr. Klayman ("counsel") was suspended from the practice of law for ninety days pursuant to an opinion of the District of Columbia Court of Appeals entered on June 11, 2020. ECF No. 1-1. According to this Court's local rules, a member of the bar of this court is subject to suspension or disbarment if "for any reason other than nonpayment of dues, failure to meet continuing legal education requirements, or voluntary resignation unrelated to a disciplinary proceeding or problem," the attorney loses the right to practice law before (1) the courts of the State of Texas, (2) the highest court of any other state or the District of Columbia, or (3) any federal court. *See* LR 83.8(a)(1) and LCrR 57.8(a)(1). In this case, counsel was found to have violated conflict-of-interest rules when he represented three plaintiffs in lawsuits against a former client, Judicial Watch, for whom Mr. Klayman had served as general counsel from 1994 to 2003.

Counsel has filed a Response in this proceeding which does not contest the fact that he has temporarily lost his right to practice law in the District of Columbia. ECF No. 4. Counsel opposes reciprocal discipline on grounds that the District of Columbia disciplinary proceeding denied him

due process of law because it was instituted twelve years ago and not prosecuted for six years, which caused prejudicial delay.[1] *Id.* Counsel has also proffered the 2014 expert opinion of Professor Ronald D. Rotunda (now deceased) and the opinion of a district court judge for the District of Columbia that counsel's behavior did not merit discipline. *Id.* at 3-4. Counsel asserts that he has filed a petition for rehearing in the District of Columbia Court of Appeals (ECF No. 4, p. 6), and intends to pursue further appeals of the disciplinary order. ECF No. 2, 4. Counsel requests that the Court allow the review process to run its course in the District of Columbia and thereafter allow him sufficient time to retain counsel for any reciprocal discipline proceeding. In the alternative, counsel request the Court to decline to impose reciprocal discipline, given "these extraordinary circumstances." *Id.* at 5.

The court records show that counsel has one active case before this court, *Buzz Photo, et al. v. People's Republic of China, et al.*, No. 3:20-CV-656-K-BN. He is a named plaintiff in the case as well as lead counsel. It is a class action complaint "concerning massive damage caused by defendants as a result of CLOVID-19 [sic] release from an illegal and internationally outlawed bioweapons facility in the city of Wuhan of the People's Republic of China." The complaint does not mention or appear to involve Judicial Watch nor does it appear to implicate the conflict-of-interest concerns that underlie the District of Columbia disciplinary matter. Under these continuing circumstances, the undersigned will stay this proceeding until the review process in the District of Columbia matter has concluded. During the stay, Counsel's membership status on the

---

[1] Counsel has filed a Supplement to his Response (ECF No. 5) that expands on this argument that there are time limitations to the prosecution of disciplinary proceedings. Given the Court's decision to enter a stay, this argument is premature will not be addressed at this time.

bar of this court will remain unchanged provided he appears in no additional cases before this Court.

## Instructions to Counsel and the Clerk of Court

Within 30 days after the issuance of a final order in the appeal of the District of Columbia disciplinary matter, Counsel is directed to file a supplemental response in this case. The supplemental response shall include the following:

1. the final order reflecting the appellate outcome of the District of Columbia disciplinary matter;

2. if the District of Columbia order suspending counsel from the practice of law is affirmed in whole or in part, a statement as to whether counsel is opposed to the imposition of reciprocal discipline by this Court; and

3. only if counsel is opposed to the imposition of reciprocal discipline,

   a. an appendix that contains the underlying records for the disciplinary proceedings concerning him that were conducted in the District of Columbia, and

   b. a brief that sets out the grounds on which he relies to contend, under the factors of *Selling v. Radford*, 243 U.S. 46 (1917),[2] that reciprocal discipline should not be imposed.

If Counsel does not file a supplemental response within the time allowed, or responds but does not oppose reciprocal discipline, the Clerk is directed to impose the same sanction that is imposed by final order in the District of Columbia proceedings.

---

[2] Under *Selling,* this Court considers whether (1) the disciplining court's procedure denied counsel due process because of an absence of notice or opportunity to be heard; (2) there was an infirmity of proof; and (3) there is some other grave reason not to impose reciprocal discipline. *Selling,* 243 U.S. at 51; *In re Sealed Appellant,* 77 F.3d 479 (5th Cir. 1996) (holding that federal court must apply *Selling* standard in reviewing a state disciplinary proceeding before relying on the state proceeding to impose reciprocal discipline).

This case is **STAYED until further order of the Court**.

        **SO ORDERED.**

**Signed** this 2nd day of July, 2020.

_____

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

4