IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| In re Larry E. Klayman | § | No. 3:20-MC-043-B |
| | § | |

### ORDER IMPOSING RECIPROCAL DISCIPLINE

The District of Columbia Court of Appeals entered an order on June 11, 2020 suspending Larry Klayman ("Counsel") from the practice of law for ninety days. *See In re Larry Klayman*, No. 18-BG-0100, __ A.3d __, 2020 WL 3088858 (D.C. June 11, 2020) (ECF No. 1-1, "suspension order"). Counsel therefore is subject to the reciprocal loss of his membership on the bar of this court under Local Civil Rule 83.8(h) and Local Criminal Rule 57.8(h).

At Counsel's request, the reciprocal discipline matter has been stayed since July 2, 2020 in order to give Counsel time to litigate a petition for rehearing that he filed in the District of Columbia Court of Appeals on June 25, 2020, and time to file a petition for rehearing en banc, if necessary, and allow the review process to run its course. *See Interim Response to Order to Show Cause* (ECF No. 2, p. 1) (asserting that the suspension order is not final and that Mr. Klayman will "at the appropriate time, should the June 11, 2020 order become final, show cause why reciprocal discipline should not be imposed"); *Larry Klayman's Response to Order of June 15, 2020* (ECF No. 4) (stating that suspension order is not final and "currently of no force and effect" because a petition for rehearing was filed June 25th); and *Order* (ECF No. 6, "stay order") (staying this proceeding until the review process of the suspension order has concluded).

This Court's stay order instructed Counsel to file a supplemental response in this cause "30 days after the issuance of a final order in the appeal of the District of Columbia disciplinary matter." *See* Stay Order (ECF 6, p. 3). The supplemental response was to contain a statement as to whether

Counsel remained opposed to reciprocal discipline and, if so, include an appendix of the disciplinary records and briefing under *Selling v. Radford*, 243 U.S. 46 (1917). The stay order directed the Clerk to impose reciprocal discipline if counsel did not file a supplemental response within the time allowed. *Id.*

The purpose of this order is to address the finality of the suspension order. By its text, the suspension order became effective thirty days after the date of entry, or July 11, 2020. *See* Suspension Order (ECF No. 1-1, p. 13). The District of Columbia's Office of Disciplinary Counsel has provided an order of the D.C. Court of Appeals denying Counsel's petition for rehearing on July 6, 2020. *See* Appendix A. It has also provided a copy of an electronic notice sent by the D.C. Court of Appeals clerk on July 14, 2020 rejecting a petition for rehearing en banc because "in the absence of any rule of [the] court requiring further consideration, no basis exists to file the subject pleading." *See* Appendix B.

Counsel's motions having been denied or rejected for filing, the suspension order is final, and the review process has run its course. *Robles v. City of Berkley*, __ F. App'x __, 2020 WL 3888309, slip op. at 1 n. 1 (9th Cir. July 10, 2020) (noting that the D.C. Court of Appeals' suspension order in this case is final); *see In re Askew*, 225 A.3d 388, 394 (D.C. 2020) (holding that the "final decision on sanctions is 'committed to this Court's discretion.'"); *In re Edwards*, 808 A.2d 476, 482 (D.C. 2002) (holding that the "actual imposition of discipline [ ] is the task of this court alone" and in "the final analysis, the responsibility to discipline lawyers is the court's. The buck stops here."). Counsel had thirty days from July 6th or, at the latest, July 14th, to file his supplemental response in this matter.

Counsel has not filed a supplemental response as required. Accordingly, the Clerk is instructed to impose reciprocal discipline pursuant to the terms in the Notice of Intent to Impose Reciprocal Discipline and Standing Order for Counsel to Show Cause (ECF No. 1).

**SO ORDERED.**

**Signed** this 14th day of August, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

3