IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re Larry E. Klayman | § § § | No. 3:20-MC-043-B |

## ORDER

This Court entered an order on August 14, 2020 directing the clerk to impose reciprocal discipline on Larry E. Klayman ("Counsel"). *See* ECF No. 9; Local Civil Rule 83.8(h)[1] and Local Criminal Rule 57.8(h). Before the Court is Counsel's motion to hold that order in abeyance. ECF No. 10. The motion is denied.

This Court provided notice to counsel that he was subject to reciprocal discipline based on a sanctions order entered by the District of Columbia Court of Appeals. ECF No. 1. In his response, Counsel informed the Court that he opposed reciprocal discipline. But he requested the Court stay this proceeding until such time as the D.C. Court of Appeals' order became final on the grounds that he had petitioned for rehearing and intended to petition for rehearing en banc. ECF No. 4. This Court granted the request and allotted counsel thirty days from the finality of the D.C. Court of Appeals' order for Counsel to provide a record of the disciplinary proceeding and briefing under

---

[1] The civil and criminal rules are substantially the same. Rule 83.8(h) provides:
  Reciprocal Discipline.
  1.A member of the bar who is subject to suspension or disbarment under LR 83.8(a) must be given written notice by the chief judge, or by a district judge designated by the chief judge, that the court intends to suspend or disbar the member. The notice must identify the ground for imposing reciprocal discipline and provide the member an opportunity to show cause, within the time prescribed by the notice, why the member should not be suspended or disbarred.
  2.If the member does not respond to the notice, or responds but does not oppose reciprocal discipline, the chief judge or a designee district judge may enter an appropriate order after the prescribed time for a response expires or the response is received.
  3.If the member responds and, in whole or in part, opposes reciprocal discipline, the chief judge, or a district judge designated by the chief judge, must designate three district judges to hear the matter. The decision of a majority of the three-judge panel concerning the appropriate discipline shall be the final ruling of this court.

*Selling v. Radford*, 243 U.S. 46 (1917) (establishing the standard for according federal effect to a state disciplinary proceeding). *See* ECF No. 6, p. 3; *In re Dawson*, 609 F.2d 1139, 1142 (5th Cir. 1980). This Court instructed the Clerk to impose reciprocal discipline if Counsel did not file the records and briefing within the time allowed. *Id.*

In its order dated August 14, 2020, this Court addressed the finality of the sanctions order of the D.C. Court of Appeals, which is the court of last resort on attorney disciplinary matters in the District of Columbia. *See* ECF No. 9. This Court also observed that the Ninth Circuit described the disciplinary order in this case as "final" in *Robles v. City of Berkley*, __ F. App'x __, 2020 WL 3888309, slip op. at 1, n.1 (9th Cir. July 10, 2020) (discussing *In re Larry Klayman*, No. 18-BG-0100, ___ A.3d ____, 2020 WL 3088858 (D.C. June 11, 2020)). Nevertheless, Counsel has apparently filed at least two subsequent motions that the D.C. court has rejected as improperly filed and submits that he has filed a third motion that remains pending. *See* ECF No. 10, Ex. A, p. 1. Counsel's present contention that his continued filing of motions outside of the usual court procedure operates to prevent the sanctions order from becoming final is not well-taken.

Counsel further asserts that he is entitled to a hearing before a three-judge panel of this Court under the Court's local rules because he opposes reciprocal discipline. Counsel chose not to avail himself of this procedure, however, when he failed to submit the necessary records and briefing as instructed in the Court's stay order. Even now, instead of belatedly submitting the documents necessary for a panel of judges to entertain the merits of a reciprocal discipline order, Counsel's instant motion simply seeks further delay.

2

The Court denies the Motion to Hold Order of August 14, 2020 in Abeyance. (ECF No. 10.)

**SO ORDERED.**

**Signed** this 18th day of August, 2020.

 

 

_____

JANE J. BOYLE

UNITED STATES DISTRICT JUDGE

3