IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

In Re: Larry Klayman

Case No.: 3:20-mc-00043-B

**LARRY KLAYMAN'S MOTION TO CHIEF JUDGE BARBARA M.G. LYNN TO INTERVENE IN THE INTERESTS OF JUSTICE AND THE PROPER ADMINISTRATION OF THIS COURT AND TO VACATE ORDERS OF THE HONORABLE JANE BOYLE IMPOSING RECIPROCAL DISCIPLINE WITHOUT DUE PROCESS OF LAW AND TO ADHER TO AND COMPLY WITH RULE 83.8(H)(3) OF THIS COURT**

Larry Klayman ("Mr. Klayman") hereby respectfully requests the Honorable Chief Judge Barbara M.G. Lynn to intervene in the above styled matter, as the Honorable Jane Boyle has imposed reciprocal discipline in contravention of constitutional norms of due process which are embodied in Rule 83.8(h)(3) of this Court. The grounds for the motion are as follows.

First, Judge Boyle, apparently based on an initially undisclosed letter written by a very partisan District of Columbia Bar Disciplinary Counsel, who lacked any authority to intervene in this matter, issued a show cause order on June 15, 2020. ECF No. 1. Mr. Klayman responded by advising Judge Boyle that the subject order of the District of Columbia Court of Appeals from June 11, 2020 was subject to challenge, as petitions for rehearing before the original panel and en banc were filed. ECF No. 2, 4, 5. To this day, Mr. Klayman's challenges have not been finally decided, as set forth in Mr. Klayman's filing of August 17, 2020. ECF No. 10.

Second, Mr. Klayman made it clear from the commencement of this matter that if Judge Boyle decided to attempt to unilaterally impose reciprocal discipline that he wanted to

1

opportunity to retain counsel with full hearing rights pursuant to Rule 83.8(h)(3), which provides:

> If the member responds and, in whole or in part, opposes reciprocal discipline, the chief judge, or a district judge designated by the chief judge, must designate three district judges to hear the matter. The decision of a majority of the three-judge panel concerning the appropriate discipline shall be the final ruling of this court.

Third, just today, Judge Boyle denied Mr. Klayman's latest motion, filed by newly retained undersigned counsel, refusing to provide him with the due process rights required by Rule 83.8(h)(3).

Fourth, it would appear that Judge Boyle has been in contact with a very partisan District of Columbia Bar Disciplinary Counsel, and her actions may be agenda driven, since Mr. Klayman is a high profile public advocate founder of Judicial Watch and Freedom Watch, in addition to his private practice. In this regard, he has filed high profile cases before this Court concerning Black Lives Matter, Louis Farrakhan, New Black Panthers Party and others over the Dallas Police Massacre on July 7-8, 2016 (3:16-cv-2010) and most recently a class action lawsuit against Defendants The People's Republic of China to seek redress for the damages caused by the ongoing worsening pandemic. (3:20-cv-656). Mr. Klayman has also filed a lawsuit, which is currently on appeal, on behalf of African American police officer and Texas congressional candidate, Demetrick Pennie, over libel and defamation from the Dallas Morning News, which was alleged to have acted in concert with other Defendants, some of which are public officials. (3:19-cv-1945).

Fifth, even before Judge Boyles' order of today, she had precipitously ordered the clerk to remove Mr. Klayman's electronic filing privilege, preventing him from filing pleadings in the ongoing case against the People's Republic of China. Previously, before even imposing

reciprocal discipline, however improper and without due process, she ordered Mr. Klayman not to file any more cases in this Court. ECF No. 6.

Sixth, it would appear that Judge Boyle harbors some unknown animus against Mr. Klayman for some unknown reason, particularly since he has never appeared in front of her. While Judge Boyle is entitled to her opinion of Mr. Klayman based on whatever reason, she is not entitled to violate the Constitution and the internal rules of the Court. Accordingly, all of her orders should be vacated and this matter referred to a three judge panel with a full hearing pursuant to Rule 83.8(h)(3).

Mr. Klayman respectfully requests that the Court to review the entire file to confirm the accuracy of these representations. If the Honorable Barbara M.G. Lynn chooses not to intervene, Mr. Klayman requests that this matter be referred to the Judicial Council. Lastly, Mr. Klayman respectfully requests disclosure of all further *ex parte* communications, whether orally or in writing. Mr. Klayman and his clients have been prejudiced and this matter should respectfully proceed expeditiously

Dated: August 18, 2020                                          Respectfully submitted,

/s/ Sanjay Biswas
Sanjay Biswas, Esq.
TX Bar # 24061235
11720 Duxbury Dr.
Frisco, TX, 75035
Tel: 972-866-5879
sanjaybiswas41@gmail.com

*Counsel for Respondent*

/s/ Larry Klayman
Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.

3

7050 W. Palmetto Park Rd<br>
Boca Raton, FL, 33433<br>
Tel: 561-558-5536<br>
Email: leklayman@gmail.com

*Respondent Pro Se*