IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: LARRY E. KLAYMAN § Misc. No. 3:20-MC-043-B

Before FITZWATER, Senior District Judge, and GODBEY and BOYLE, District Judges.

## ORDER

Larry E. Klayman, Esquire, a member of our court's bar, was suspended from the practice of law for 90 days by the District of Columbia Court of Appeals ("D.C. Court of Appeals"), *In re Klayman*, 228 A.3d 713, 719-20 (D.C. 2020) (per curiam), and has since been reinstated. Because he contests the imposition of reciprocal discipline, this matter is before this three-judge panel. *See* N.D. Tex. Civ. R. 83.8(h)(3).

"In a reciprocal discipline case, we give effect to the disciplining court's order unless one or more of three factors dictate that we not do so." *In re McTighe*, 131 F.Supp.2d 870, 872 (N.D. Tex. 2001) (three-judge panel) (per curiam).

> Supreme Court precedent has established that a state court disbarment should be accorded federal effect, unless it appears from "an intrinsic consideration of the state record" (1) that the state proceeding was wanting in due process, (2) that the proof in the state proceeding was so infirm "as to give rise to a clear conviction on our part that we could not consistently with our duty, accept" the state court's conclusion as final, or (3) that to do so would ["]for some other grave reason . . . conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles of right and justice, we were constrained so to do."

*In re Dawson*, 609 F.2d 1139, 1142 (5th Cir. 1980) (quoting *Selling v. Radford*, 243 U.S. 46, 51 (1917), and citing cases).

Having conducted intrinsic review of the pertinent underlying records, considered the *Selling* factors, and heard oral argument, we find that the proceedings of the D.C. Court of Appeals were not wanting in due process; that the proof in that proceeding was not so infirm as to give rise to a clear conviction on our part that we could not, consistently with our duty, accept that court's conclusion as final; and that doing so would not, for some other grave reason, conflict with the duty that rests upon us not to impose discipline except upon the conviction that, under the principles of right and justice, we were constrained to do so.

We find that Klayman's membership in the bar of this court should be suspended, as it has been by the D.C. Court of Appeals, for a period of 90 days. "[W]hen a district court learns that a member of its bar has been subject to discipline by another jurisdiction, the identical discipline is typically imposed." *In re Smith*, 123 F.Supp.2d 351, 355 (N.D. Tex. 2000) (three-judge panel) (per curiam) (quoting *In re Hoare,* 155 F.3d 937, 940 (8th Cir.1998)), *aff'd*, 275 F.3d 42 (5th Cir. 2001) (table) (per curiam).

Although we disagree with Klayman that this reciprocal discipline matter is moot because he has served the 90-day suspension and has been reinstated to the D.C. Bar, we conclude under the circumstances that we should deem the suspension period that we are imposing to have been served and this matter closed. Klayman has submitted evidence that his license in the D.C. Bar was restored to active status on December 10, 2020. A 90-day period that ended on December 9, 2020 would have commenced on or about September 11, 2020. Our court's records show that, during this period, Klayman has not appeared as

- 2 -

counsel in any cases in which he was not also a party.[1]  While we would not be inclined to calculate the suspension period this way had Klayman continued to practice in this court in cases in which he was not also a party, we find it appropriate to order under the instant facts that Klayman has served the suspension period and that this matter is closed.[2]

* * *

Accordingly, we impose reciprocal discipline in the form of a 90-day suspension, deem the suspension to have been served, and consider this matter CLOSED.

**SO ORDERED**.

December 16, 2020.

FOR THE PANEL:

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[1] In *Klayman v. Porter*, 3:20-CV-2526-M (N.D. Tex. filed Aug. 26, 2020) (Lynn, C.J.), and *Buzz Photos v. People's Republic of China*, 3:20-CV-0656-K (N.D. Tex. filed Mar. 17, 2020) (Kinkeade, J.), Klayman has appeared as counsel during the 90-day suspension period, but in each case he is also a party.  In these instances his appearances as counsel are sufficiently akin to proceeding *pro se* that we do not count them for purposes of determining the appropriate reciprocal discipline.

[2] Because the suspension period has concluded, Klayman is eligible to begin practicing again.  *See McTighe*, 131 F.Supp.2d. at 872 n.3 ("An attorney who is suspended from the bar is not disbarred and, at the end of his suspension, may begin practicing after fulfilling any conditions imposed as part of the suspension.").