IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

In Re: Larry Klayman

Case No.: 3:20-mc-00043-B

## MOTION FOR RECONSIDERATION AND TO AMEND ORDER OF DECEMBER 16, 2020

Larry Klayman ("Mr. Klayman") hereby respectfully moves the Court for reconsideration of its order of December 16, 2020 imposing reciprocal discipline on Mr. Klayman based on a 90-day order of suspension by the District of Columbia Court of Appeals.

As set forth previously, notwithstanding the strong merits shown by Mr. Klayman as to why no reciprocal discipline should have been entered, the fact remains that this proceeding is time-barred under Texas law.

In *Gamez v. State Bar of Tex.*, 765 S.W.2d 827, 833 (Tex. App. 1988), the Court found that there exists a four-year statute of limitations for bar disciplinary matters.

> Within the same point of error Gamez presents another argument. It is that the State Bar failed to comply with the four year statute of limitations period prescribed by article 10, § 16(J), which provides: Four Year Limitation Rule and Exceptions. No member shall be reprimanded, suspended, or disbarred for misconduct occurring more than four (4) years prior to the time such allegation is brought to the attention of counsel, except in cases in which disbarment or suspension is compulsory as provided herein. Limitations, however, will not run where fraud or concealment is involved until such misconduct is discovered or should have been discovered by reasonable diligence by counsel.

*See also Wilson v. State*, 582 S.W.2d 484, 487 (Tex. Civ. App. 1979).

This falls in line with many other jurisdictions who apply time limitations to bar proceedings, even more stringent than Texas. *See Florida Bar v. Rubin*, 362 So.2d 12 (Fla. Sup.

Ct. l 1978) (per curiam). There, the Florida Supreme Court threw out charges because the Bar's delay was in violation of The Florida Bar Integration Rules. The Court said:

> Whatever other objects the rule may seek to achieve, it obviously contemplates that the Bar should not be free to withhold a referee 's report which it finds Too lenient until additional cases can be developed against the affected attorney, in an effort to justify the more severe discipline which might be warranted by cumulative misconduct. The Bar's violation of the prompt filing requirement in this case, to allow a second grievance proceeding against Rubin to mature, is directly antithetical to the spirit and intent of the rule. In addition, it has inflicted upon Rubin the 'agonizing ordeal' of having to live under a cloud of uncertainties, suspicions, and accusations for a period in excess of that which the rules were designed to tolerate.

Additionally, as per Ind. R. Att'y Adm. & Discip. 23, the Indiana Bar expressly limits the time to complete a disciplinary investigation in its own rules: Limitation on time to complete investigation. Unless the Supreme Court permits additional time, any investigation into a grievance shall be completed and action on the grievance shall be taken within twelve (12) months from the date the grievance is received.... If the Disciplinary Commission does not file a Disciplinary Complaint within this time, the grievance shall be deemed dismissed."

In this matter, at the alleged violations complained of by Tom Fitton had their genesis and began to occur in 2003, at the time that Mr. Klayman was voluntarily stepping down at Judicial Watch to run for the U.S. Senate in Florida, before Fitton's complaint was filed on January 23, 2008. After the complaint was filed it sat in the files of the District of Columbia Bar Disciplinary Counsel ("DC OCD") for approximately six (6) years and was finally adjudicated nearly 13 years later. This cannot and should not be sanctioned, and certainly would not be permitted under Texas jurisprudence and precedent.

Thus, under Texas law, as well as that in a myriad of other jurisdictions such as Florida and Indiana, this matter is clearly time-barred. Accordingly, an order imposing reciprocal discipline is clearly in error, and as such, Mr. Klayman respectfully requests reconsideration. To

find that reciprocal discipline be imposed, even though Mr. Klayman has "done his time," is not warranted as a matter of the facts and the established law.

It is therefore respectfully requested that the order of December 16, 2020, be amended to reflect that no reciprocal discipline, imposed by a highly politicized and rogue District of Columbia Bar disciplinary apparatus, was warranted under these extreme circumstances. This is required as a matter of justice and fundamental fairness.

Dated: December 16, 2020                                Respectfully submitted,


 */s/ Sanjay Biswas*
Sanjay Biswas, Esq.
TX Bar # 24061235
11720 Duxbury Dr.
Frisco, TX, 75035
Tel: 972-866-5879
sanjaybiswas41@gmail.com

*Counsel for Respondent*

 */s/ Larry Klayman*
Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
Email: leklayman@gmail.com

*Respondent Pro Se*