IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

In Re: Larry Klayman

Case No.:  3:20-mc-00043-B

### RESPONDENT LARRY KLAYMAN'S MOTION TO REASSIGN MATTER

Respondent Larry Klayman ("Mr. Klayman") hereby moves this Honorable Court to remove the Honorable Jane J. Boyle ("Judge Boyle") from the panel and assign another judge in this Court to the panel, as Judge Boyle has demonstrated a "deep-seated…antagonism that would make fair judgment impossible" that mandates reassignment under *Litecky v. United States*, 510 U.S. 540 (1994) and 28 U.S.C. § 144, as set forth in detail below.

I.  STATEMENT OF RELEVANT FACTS.

On June 15, 2020, Judge Boyle—based on an initially undisclosed letter informing the Court of a ninety-day suspension by the District of Columbia Court of Appeals in *In re Klayman*, 18-BG-100 (D.C.C.A.) (hereinafter "*Klayman I*") written by a very partisan District of Columbia Bar Disciplinary Counsel ("ODC"), who lacked any authority to intervene in this matter—issued a show cause order on June 15, 2020. ECF No. 1. Mr. Klayman responded by advising Judge Boyle that the subject order of the District of Columbia Court of Appeals from June 11, 2020 was subject to challenge, as petitions for rehearing before the original panel and en banc were filed. ECF No. 2, 4, 5. In those responses, Mr. Klayman also made it very clear that if Judge Boyle decided to attempt to unilaterally impose reciprocal discipline that he wanted the opportunity to retain counsel with full hearing rights pursuant to Rule 83.8(h)(3), which provides:

1

> If the member responds and, in whole or in part, opposes reciprocal discipline, the chief judge, or a district judge designated by the chief judge, must designate three district judges to hear the matter. The decision of a majority of the three-judge panel concerning the appropriate discipline shall be the final ruling of this court.

Thus, on July 2, 2020, Judge Boyle issued an order purportedly staying consideration of reciprocal discipline until Mr. Klayman's challenges in *Klayman I* in the District of Columbia had concluded. ECF No. 6. In this order, Judge Boyle, however improper and without due process, ordered Mr. Klayman not to file any more cases in this Court despite no reciprocal discipline having been imposed and him still being in good standing with the Court.

Then, on August 14, 2020, Judge Boyle precipitously ordered the clerk to impose reciprocal discipline despite the fact that (1) Mr. Klayman was still challenging *Klayman I* in the District of Columbia and (2) no full hearing with opportunity to retain counsel was granted, in clear violation of Local Rule 83.8(h)(3). ECF No. 8. Even worse, Judge Boyle ordered the clerk of the Court to remove Mr. Klayman's electronic filing status, which grossly prejudiced his clients in cases that he had pending in this Court at the time.

Still wanting to give Judge Boyle the benefit of the doubt, and thinking that perhaps it was simply unfamiliarity with the District of Columbia's procedures leading to her precipitous imposition of reciprocal discipline, Mr. Klayman filed a Motion to Hold Order of August 14, 2020 in Abeyance, where he explained that there was still pending a Motion for Clarification and for Reconsideration of Order of July 31, 2020 and Leave to File and Have Considered on the Merits in the Interests of Justice that had not been ruled upon by the District of Columbia Court of Appeals, and therefore his challenge to *Klayman I* was still ongoing. Mr. Klayman further reminded Judge Boyle that this was notwithstanding the fact that he had repeatedly already invoked a full hearing under Local Rule 83.8(h)(3). ECF No. 10.

However, just one day later, Judge Boyle "doubled down" and denied Mr. Klayman's Motion to Hold Order of August 14, 2020 in Abeyance. ECF No. 11. This clearly showed the fact that her issuance of reciprocal discipline before Mr. Klayman had finished challenging *Klayman I* and in violation of Local Rule 83.8(h)(3) was not accidental, but instead an intentional deprivation of Mr. Klayman's due process rights.

At this point, Mr. Klayman felt that he had no choice but to ask the Chief Judge, the Honorable Barbara M.G. Lynn ("Judge Lynn") to intervene in his Motion to Chief Judge Barbara M.G. Lynn to Intervene in the Interests of Justice and the Proper Administration of this Court and to Vacate Orders of the Honorable Jane Boyle Imposing Reciprocal Discipline Without Due Process of Law and to Adhere to and Comply with Rule 83.8(H)(3) of this Court. ECF No. 12. Despite the fact that this motion was made to Judge Lynn, Judge Boyle still almost immediately issued an order denying this relief. ECF No. 13.

Ultimately, approximately two weeks later, it appears that Mr. Klayman's motion, ECF No. 12, made its way to Judge Lynn's desk despite Judge Boyle's nearly immediate order of denial. ECF No. 13. In what is clear evidence of Judge Boyle's "deep-seated…antagonism that would make fair judgment impossible," Judge Lynn *sua sponte* vacated Judge Boyle's precipitous imposition of reciprocal discipline, and ordered that Mr. Klayman be afforded his due process rights to a full hearing pursuant to Local Rule 83.8(h)(3), which had been inexplicably denied by Judge Boyle. ECF No. 15, 16.

Thus, in sum, it took the Chief Judge, Judge Lynn, personally stepping in to ensure that Judge Boyle was not permitted to willfully deprive Mr. Klayman of his due process and other rights. As such, Judge Boyle respectfully cannot be permitted to sit on the panel in this instant matter, as she has displayed a "deep-seated…antagonism that would make fair judgment

impossible" that mandates reassignment under both *Litecky v. United States*, 510 U.S. 540 (1994) and 28 U.S.C. § 144.

## II.     ARGUMENT

An impartial judiciary is a fundamental component of the system of justice in the United States. The right to a "neutral and detached judge" in any proceeding is protected by the U.S. Constitution and is an integral part of maintaining the public's confidence in the judicial system. *Ward v. City of Monroeville*, 409 U.S. 57, 61-62 (1972); *see also Marshall v. Jerrico, Inc.*, 446 U.S. 238, 243 (1980) (The U.S. Constitution guarantees a party an impartial and disinterested tribunal in civil cases). To ensure that this right is protected, Congress has sought to secure the impartiality of judges by requiring them to step aside, or in some circumstances, disqualify themselves, in various circumstances. Under 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. This statute is unambiguous – if the requirements are met, another judge must be assigned to take over the matter.

> The disqualification statute, 28 U.S.C. §144, is <u>mandatory and automatic</u>, requiring only a timely and sufficient affidavit alleging personal bias or prejudice of the judge. The judge is a silent defendant, unable to make findings on the truth or falsity of the affiant's allegations, and truth must be presumed. *United States v. Hanrahan*, 248 F. Supp. 471, 474 (D.D.C. 1965) (Emphasis added); and the allegations may be based upon information and belief, *Berger v. United States*, 255 U.S. 22, 34, 65 L. Ed. 481, 41 S. Ct. 230 (1920).

*Brotherhood of Locomotive Firemen & Enginemen v. Bangor & Aroostook Railroad Co.*, 380 F.2d 570, 576 (D.C. 1967) (emphasis added). As evidence of the absolute requirement of impartiality from judicial officers, the U.S. Courts of Appeals for the Fifth, First, Sixth, Tenth,

and Eleventh Circuits have said that close questions should be decided in favor of recusal. *See Republic of Pan. v. American Tobacco Co.*, 217 F.3d 343, 347 (5th Cir. 2000) (citing *In re Chevron*, 121 F.3d 163, 165 (5th Cir. 1997)); *In re United States*, 158 F.3d 26, 30 (1st Cir. 1998); *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995); *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993); *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989).

"The test for personal bias or prejudice in [S]ection 144 is identical to that in section 455(b)(1), and the decisions interpreting this language in [S]ection 144 are controlling in the interpretation of section 455(b)(1)." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. Cal. 1980). In *Litecky v. United States*, 510 U.S. 540 (1994), the U.S. Supreme Court held that if the judge succumbs to extrajudicial influence, he is subject to such a motion. Even more, in the absence of an extrajudicial influence, judicial rulings coupled with the requisite "degree of favoritism or antagonism" can serve as the basis for such a motion even "when no extrajudicial source is involved." *Id*. Lastly, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" constitute a basis for such a motion if "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

As set forth in *supra* section I, it is clear that Judge Boyle's conduct in *Klayman I* more than rises to the level that mandates reassignment under 28 U.S.C. § 144, and such reassignment must occur for Mr. Klayman to have a chance at a completely impartial proceeding before this Court.

As set forth above, Judge Boyle, for whatever reason, (1) attempted to knowingly deprive Mr. Klayman of his due process rights in violation of the rules of her own Court, Local Rule 83.8(h)(3), (2) tried to impose reciprocal discipline despite the fact that Mr. Klayman was still

challenging *Klayman I* in the District of Columbia, even though she had issued an order staying consideration of reciprocal discipline pending Mr. Klayman's challenges in the District of Columbia, (3) ordered that Mr. Klayman not file any more cases in the Court despite the fact that there had been no imposition of reciprocal discipline and he was still a member in good standing—essentially finding Mr. Klayman guilty until proven innocent, and (4) without any basis ordering the clerk of the Court to remove Mr. Klayman's e-filing account, severely prejudicing his clients at the time. Indeed, even Chief Judge Lynn ultimately had to step in and order that Judge Boyle's precipitous order of reciprocal discipline be vacated so that Mr. Klayman's due process right to a full hearing would be granted pursuant to Local Rule 83.8(h)(3).

These instances more than show that Judge Boyle has exhibited a "deep-seated…antagonism that would make fair judgment impossible" under both *Liteky* and 28 U.S.C. § 144 and therefore Judge Boyle must be removed from the panel and another judge assigned going forward.

### III. CONCLUSION

Based on the foregoing, it is clear that Judge Boyle must be removed from the panel and another judge assigned going forward in order to comport with both *Liteky* and 28 U.S.C. § 144. This is of crucial importance, as the D.C. Court of Appeals has wrongly and without clear and convincing evidence suspended Mr. Klayman for eighteen (18) months now, and therefore it is essential that he receive a completely impartial panel before this Court as it decides whether the imposition of reciprocal discipline is warranted.

DATED: December 2, 2022                        Respectfully submitted,

                                                   /s/ Larry Klayman

Larry Klayman, Esq.
7050 W. Palmetto Park Road
Boca Raton, FL 33433
Email: leklayman@gmail.com
Tel: 561-558-5336

*Pro Se*